B. L. Fielder v. Missouri, Kansas & Texas Railway Company.

No. 649. Decided June 24, 1898.

1. **Discrimination—Penalties—Interstate Commerce.**

The penalties imposed for discrimination, etc., by articles 4574, 4575, Revised Statutes (Act April 3, 1891, section 15), do not apply in case of an interstate shipment of property. The statute, by article 4580 (section 22 of Act), only affects commerce within the State. (Pp. 179, 180.)

2. **Same—Delivery at Private Yard.**

Discrimination between owners of coal yards in respect to delivery upon a private spur or track in their yards, was a part of the transportation under the contract, which was not performed until the delivery of the freight to the consignee. (P. 180.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Grayson County.

Fielder sued the railway company to recover penalties for discrimination. Judgment being for defendant, he appealed, and on its affirmance, obtained writ of error.

*Beaty & Culver*, for plaintiff in error.—Congress having enacted no law which is applicable to appellee in the transportation, handling, and delivery of this coal, under the circumstances shown, the State statute imposing penalties for unjust discrimination applies, and is valid as a police regulation. Railway v. Dwyer, 75 Texas, 578; Railway v. Gray, 24 S. W. Rep., 837, 28 S. W. Rep., 280; Navigation Co. v. Insurance Co., 32 S. W. Rep., 889; Tel. Co. v. James, U. S. Sup. Ct., May 18, 1896; Railway v. Georgia, U. S. Sup. Ct., March 30, 1896; Smith v. Alabama, 124 U. S., 465; Railway v. Alabama, 128 U. S., 96; Plumley v. Massachusetts, 155 U. S., 462; Sherlock v. Alling, 93 U. S., 99; Mobile v. Kimball, 102 U. S., 691; Brennan v. Titusville, 153 U. S., 289; Railway v. Illinois, 118 U. S., 557; Railway v. Iowa, 94 U. S., 155; Peik v. Railway, 94 U. S., 164; Munn v. Illinois, 94 U. S., 113; Mugler v. Kansas, 123 U. S., 623; Minnesota v. Barber, 136 U. S., 313; Railway v. Hefley, 158 U. S., 99; 11 Am. and Eng. Enc. of Law, 539.

If appellee, a railroad company, incorporated under the laws of Texas, and doing business in the State, violated the State statute by discriminating in the manner alleged by appellant, and the acts constituting such discrimination were committed entirely within the State, it was liable for the penalties prescribed by the State law, even if, for doing the same thing, it was also liable and punishable under the interstate commerce act. Rev. Stats., arts. 4574, 4575; Railway v. Dwyer, 75 Texas, 578; Railway v. Gray, 24 S. W. Rep., 837; Moore v. People, 14 How., 12; Fox v. Ohio, 5 How., 432; United States v. Marigold, 9 How., 560; Smith v. Alabama, 124 U. S., 465; Railway v. Alabama, 128 U. S., 96; Hennington v. Georgia (U. S.), May 18, 1896; Wilkerson v. Rahrer, 140 U. S., 545; Martin v. State, 18 Texas App., 224; 4 Am. and Eng. Enc. of Law, 334; 15 Am. and Eng. Enc. of Law, 443, note and authorities there cited.

The court erred in sustaining the tenth special exception contained in the first amended original answer of defendant to the second amended original petition of plaintiff; by which ruling the court in effect held that the statute of Texas, under which this suit was brought, applied only to the "transportation of passengers, freight, and cars between points within this State," and that the acts alleged by plaintiff and relied on as constituting unjust discriminations did not come within the operation of said statute. Said ruling was error, because the statute in question applies to the conduct of the railroad companies subject thereto in any respect whatsoever, and especially to the handling, storage, and delivery of freight, as well as to transportations between points within the State, and plaintiff's said petition showed that the things complained of occurred in Texas in the course of handling and delivery of freight or

transportation between points within the State. Rev. Stats., arts. 4561-4584.

*T. S. Miller* and *Head, Dillard & Muse,* for defendant in error.—The traffic out of which this suit grew is interstate commerce and within the purview of the interstate commerce law. Navigation Co. 'v. Insurance Co., 32 S. W. Rep., 889; Sherwood v. Railway, 84 Texas, 125; Railway v. Interstate Commerce Commission, 162 U. S., 184; Steamship Co. v. Phoenix Co., 129 U. S., 397.

The laws of the State of Texas by virtue of which penalties are sought in this case were not intended to apply to interstate commerce, but only to commerce which was wholly within the State. Rev. Stats. 1895, art. 4580; Railway v. Gray, 87 Texas, 312.

If the act by virtue of which penalties are sought was intended to apply to interstate commerce, it would be a regulation of that commerce or interference with it, and, even in the absence of a law passed by Congress on the same subject, would be invalid. Railway v. Illinois, 118 U. S., 557; Hall v. DeCuir, 95 U. S., 485; McCall v. California, 136 U. S., 104; Railway v. Pennsylvania, 136 U. S., 114.

If in the absence of Federal legislation embracing the same subject the Texas law could be held to apply to this character of traffic and the penalty recovered, yet Congress has passed a law which is intended to embrace the whole field of interstate commerce, and it supersedes any act the State of Texas might pass on the same subject. Interstate Commerce Law, Supplement to the Rev. Stats. U. S., vol. 1, pp. 529, 684; Railway v. Interstate Commerce Commission, 162 U. S., 197.

GAINES, CHIEF JUSTICE.—This case as made by the amended petition upon which it was tried was a suit by the plaintiff in error to recover of defendant in error actual damages and penalties under section 15 of the Act of April 3, 1891, to establish a railroad commission.

The case made by the pleadings and evidence is that the plaintiff and one Arnoldi were competitors in the business of selling coal in the city of Sherman; that they received their supplies by shipments over the defendant's road from the Indian Territory; that there was a spur track from the depot of the company to the coal bins of each of them; and that while the defendant carried Arnoldi's coal over the spur track to his bin, it refused to extend the same accommodation to the plaintiff.

The plaintiff recovered a judgment for actual damages, but the court denied him a recovery for the penalties. He appealed from the judgment, and it was affirmed by the Court of Civil Appeals. Having brought the case to this court, he complains of the ruling of the trial court and of the Court of Civil Appeals in holding that he was not entitled to recover the penalties claimed in his petition.

The provisions of the statute under which this proceeding was instituted are now found in the Revised Statutes, and are as follows:

"Art. 4574. · * * * 1. It shall also be an unjust discrimination for

any such railroad to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality, or to subject any particular description of traffic to any undue or unreasonable prejudice, delay, or disadvantage in any respect whatsoever. * * * 4. Any railroad company violating any provision of this article shall be deemed guilty of unjust discrimination, and shall for each offense pay to the State of Texas a penalty of not less than $500 nor more than $5000.

"Art. 4575. In case any railroad subject to this chapter shall do, cause to be done, or permit to be done any matter, act, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing herein required to be done by it, such railroad shall be liable to the person or persons, firm or corporation, injured thereby for the damages sustained in consequence of such violation; and in case said railroad company shall be guilty of extortion or discrimination as by this chapter defined, then, in addition to such damages, such railroad shall pay to the person, firm, or corporation injured thereby a penalty of not less than $125 nor more than $500, to be recovered in any court of competent jurisdiction in any county into or through which such railroad may run. * * * *"

The question is, do the provisions quoted apply to the case made by the plaintiff? The power to regulate commerce between the States is delegated by the Constitution of the United States to Congress; and it was with some minor exceptions thereby wholly denied to the Legislatures of the several States. It would therefore seem obvious that in passing the act in question the Legislature of this State intended neither to regulate such commerce itself nor to empower the railroad commission to do so. It is well known to everyone familiar with the agitation which led to the passage of this law that it was the purpose carefully to abstain from encroaching in any manner upon the power of Congress; and from inserting any provisions whatever in the act which might be deemed to conflict with the Federal Constitution. The general scope of the statute evinces that such was the intention. But the Legislature was not content to leave this matter to construction. In order to remove all doubt upon the question the following provision was inserted: "Sec. 22. * * * (a) The provisions of this act shall be construed to apply to and affect only the transportation of passengers, freight, and cars between points within this State; and this act shall not apply to street railways nor suburban or belt lines of railways in or near cities and towns. * * *" This section now appears in the Revised Statutes as part of article 4580. Its language is more specific than it would have been if it had read "shall only affect commerce within the State," and its meaning hardly admits of a doubt. The relation of consignee and carrier begins when the goods are received to be carried, and ends only when they are delivered or stored at the point of delivery under such circumstances as to constitute the liability of the carrier that of a warehouseman only. And so as a rule,

the contract of the carrier is not performed until he has delivered the freight to the consignee. We are therefore of the opinion that the Legislature meant to say by the provision in question that the law should not apply to any shipments except those between different points in the State. If we should limit the use of the word "transportation" to the actual moving of the goods from the point of shipment to the point of destination, still we should be of opinion that the law does not apply to a case of this character, for it can not be said that a regulation of the duties of the carrier as to the delivery of freight does not "affect" the contract of transportation. The broad meaning of the provision is that as to contracts for a through shipment of goods from a point in the State to a point out of the State, or from a point out of the State to a point in the State, the act should in no manner apply; nor should it be construed to affect or regulate in any respect the rights of the parties to the contract. As to shipments not confined to the limits of the State, the intention was to leave them wholly to the common law and to the laws enacted by Congress. As previously intimated, one purpose was doubtless to remove all question of conflict with the Constitution of the United States.

Our conclusion upon this point is strengthened by the fact that at the time the statute in question was passed Congress had already passed "the Interstate Commerce Act," which, among other things, regulates the delivery of freight in shipments between the States. Evidently the opinion of Congress was, that it had the power under the Constitution to make the regulation; and it is hardly to be supposed that the Legislature, with the fact of this legislation before them, intended to act upon the same matter and to exercise a power of such doubtful validity. On the contrary it seems clear to us that it was not the purpose of the Legislature to supplement in any particular the legislation of Congress by adding something thereto in order to supply its deficiencies, but that it was to supply legislation which Congress had no power to make, and to provide for the regulation of railroad traffic within the State, just as Congress had provided for the regulation of such traffic between the States. Obviously the Legislature intended to keep within its own sphere.

Such being our conclusion, we find it unnecessary to discuss the question whether the provision of the statute under which this suit is brought would be constitutional if intended to apply to interstate shipments.

We find no error in the judgment and it is affirmed.

*Affirmed.*